**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Scotty Swinger Carpenter, | : | |
|  | : | Civil Action No. 13-7481(NLH) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| J.T. Shartle, | : | |
|  | : | |
| Respondent. | : | |

APPEARANCES:

Scotty Swinger Carpenter
Federal Correctional Institution, Fairton, New Jersey
P.O. Box 420
Fairton, NJ 08320
    Petitioner pro se

**HILLMAN**, District Judge

    This matter is presently before the Court pursuant to the submission of a Petition for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241 [1], by the Petitioner Scotty Swinger Carpenter ("Petitioner").

    For the reasons stated below, the Petition will be denied for lack of jurisdiction.

I.   BACKGROUND

Petitioner, an inmate confined in FCI Fairton, New Jersey, brought the present Petition For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking remand for resentencing on the basis that "he is 'actually innocent' of the career offender status under the new Supreme Court in light of Begay, and Johnson."[1] (Petition, Doc. No. 1, p. 1.)

In December 2001, Petitioner was convicted by a jury of armed bank robbery and use of a firearm in connection with a crime of violence.  Carpenter v. United States, Nos. 801-cr-273-T-24TBM, 809-cv-84-T-24TBM, 2009 WL 1657385, at *1 (M.D. Fla. June 11, 2009).  In March 2002, he was sentenced to 300 months for bank robbery and a consecutive term of 84 months for use of a firearm in relation to a crime of violence.  Id.  The Eleventh Circuit Court of Appeals allowed Petitioner to voluntarily dismiss his direct appeal without prejudice.  Id.  On September 30, 2003, the Government filed a motion to reduce Petitioner's sentence under Rule 35(b) of the Federal Rules of Criminal Procedure.  Id.  The court granted the motion, and on October 29, 2003, Petitioner was resentenced to 168 months for bank robbery and 84 months for use of a firearm in connection with a crime of violence.  Id.

---

[1] Petitioner refers to United States v. Johnson, 587 F.3d 203 (3d Cir. 2009) and Begay v. United States, 553 U.S. 137 (2008).

On October 19, 2004, Petitioner filed a motion challenging his resentencing under 28 U.S.C. § 2255.  Id.  The sentencing court denied the petition, and the Eleventh Circuit denied the notice of appeal as moot for failure to demonstrate deprivation of a constitutional right.  Id.

The Government filed a second Rule 35(b) motion on July 28, 2008, and the court granted the motion and resentenced Petitioner, in a Second Amended Judgment, to 120 months for bank robbery and 84 months consecutive for use of a firearm in relation to a crime of violence.  Id.  Petitioner filed another motion under § 2255 on April 10, 2009.  Id.  The court dismissed the petition as untimely and as a successive petition filed in violation of 28 U.S.C. § 2244(b)(3)(A).

Because it appears from a review of the present Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

II.   STANDARD FOR SUA SPONTE DISMISSAL

Pro se petitions should be read with "a measure of tolerance."  Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998) (quoting United States ex rel Montgomery v. Brierly, 414 F.2d 552, 555 (3d Cir. 1969)).  Nevertheless, if it appears from the face of a habeas petition that the petitioner is not entitled to relief, a federal district court may dismiss the petition.  28 U.S.C. § 2243; Harrison v. Schultz, 285 F. App'x 887 (3d Cir.

2008); Rules 1(b) and 4, Rules Governing § 2254 Cases in the United States District Courts.

### III. ANALYSIS

Normally, the proper vehicle to challenge a federal sentence is a motion to vacate under 28 U.S.C. § 2255.  Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011).  If a § 2255 motion is "inadequate or ineffective" an inmate may use the § 2255 "safety valve" and bring his claim under § 2241.  Id. (citing In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997)).  The "safety valve applies "when a prisoner has been convicted and imprisoned for conduct since deemed not to be criminal."  Id. (quoting In re Dorsainvil, 119 F.3d at 251.)  This exception to bringing a challenge of a federal sentence under § 2255 is very narrow.  Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002).

The exception does not apply where a prisoner contends that he is innocent of a sentencing enhancement due to an intervening change in law, rather than actual innocence of the offence of conviction.  Selby, 453 F. App'x at 268; Sorrell v. Bledsoe, 437 F. App'x 94 (3d Cir. 2011) (exception created in In re Dorsainvil does not apply where claim is that prisoner's sentence was improperly calculated based on his innocence of career offender status); see also Okereke, 307 F.3d at 120 (distinguishing the intervening change in law in In re Dorsainvil where crime of conviction was made noncriminal from

intervening change in law effecting only sentencing under Apprendi).

Here, Petitioner argues he is innocent of the sentencing enhancement under the Armed Career Criminal Act. Thus, Petitioner does not qualify for the § 2255 safety valve, and this Court lacks jurisdiction over his § 2241 petition. Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014)("[B]ecause [Petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the "safety valve" exception created in In re Dorsainvil and cannot proceed under § 2241.")

### III.   CONCLUSION

For the reasons set forth above, the Petition for a Writ of Habeas Corpus under Title 28 U.S.C. § 2241 will be denied for lack of jurisdiction, and Petitioner's motion for an order to show cause [2], motion for miscellaneous relief [4], and motion for default [6] will be dismissed as moot. An appropriate order follows.


At Camden, New Jersey                  s/ Noel L. Hillman
                                       Noel L. Hillman
                                       United States District Judge

Dated: January 26, 2015